# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel*. Relator LLC,<br>    *Plaintiffs*<br><br>v.<br><br>DUANE McGLAUFLIN;<br>DEAN TOMME; DNT<br>CONSTRUCTION, LLC;<br>and DOES 1-10,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:24-cv-00155-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint and Request for Judicial Notice, filed September 22, 2025 (Dkt. 20); Relator LLC's Response in Opposition to Defendants' Motion to Dismiss Complaint, filed October 6, 2025 (Dkt. 21); and Defendants' Reply, filed October 13, 2025 (Dkt. 22).[1]

## I.    Background

During the COVID-19 pandemic, Congress created the Paycheck Protection Program ("PPP") to help eligible small businesses maintain payroll amid government shutdowns of the economy. *Bruckner Truck Sales, Inc. v. Guzman*, 148 F.4th 341, 344 (5th Cir. 2025) (citing the "CARES Act," codified at 15 U.S.C. § 636). The PPP directs the U.S. Small Business Administration

---

[1] By Text Order issued April 21, 2026, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

("SBA") to guarantee loans to certain eligible businesses and forgive those loans if certain additional conditions are met. *Id.* To qualify for such a loan, a business had to represent, among other things, that it had fewer than 500 employees, "the uncertainty of current economic conditions makes necessary the loan request," and it would only use the loan proceeds "to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments." 15 U.S.C. § 636(a)(36)(D), (G).

In April 2020, DNT Construction, LLC applied for and received a PPP loan for $8,421,129. Dkt 1 ¶ 50. The loan was forgiven on August 9, 2021. *Id.* On April 15, 2024, Relator LLC brought this *qui tam* action on behalf of the United States against DNT, CEO and chairman Duane McGlauflin, and president Dean Tomme, "to recover treble damages, civil penalties, and costs" under the False Claims Act ("FCA"), 31 U.S.C. § 3730(b). Dkt. 1 ¶ 20.

Relator, which has no relationship with or connection to Defendants, makes the following allegations: McGlauflin and Tomme "used their construction company to misappropriate $8,421,129 from the US government by making false claims" on their PPA loan application to the SBA. *Id.* ¶ 5. Defendants falsely reported that DNT had only 498 employees to qualify for the loan when it had 700 employees. *Id.* ¶ 8. Defendants also "falsified economic uncertainty so grave it threatened their ability to pay their employees; falsified the loan amount needed for that falsified threat, and falsified needing money from the US government as opposed to their own business partners of coffers." *Id.* ¶ 5. Defendants made these false representations to qualify for the loan, which DNT "certainly and undoubtedly was not qualified for." *Id.* ¶ 6.

Relator alleges that DNT did not qualify for the loan because (1) it employed 700 employees and did not otherwise qualify as a "small business concern" under 15 U.S.C § 632(a)(1); (2) there was no "economic necessity" for the loan to meet payroll; and (3) it could have borrowed money

2

from an affiliate instead of the SBA. *Id.* ¶¶ 8-13. Relator asserts two claims against Defendants under the False Claims Act: a false or fraudulent claim for payment under 31 U.S.C. § 3729(a)(1)(A), and a false record or statement material to a false or fraudulent claim under § 3729(a)(1)(B).

The United States declined to intervene. Dkt. 9. Defendants move to dismiss under Rule 12(b)(6), arguing that Relator's claims are barred by the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4), and that Relator does not meet the pleading requirements of Rules 8(a) and 9(b).

## II.    Legal Standard

Under Rule 12(b)(6), a party may move to dismiss a pleading for failure to state a claim upon which relief can be granted. "A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citation omitted). In deciding a Rule 12(b)(6) motion, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). To withstand a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III.    Public Disclosure Bar

The False Claims Act permits private individuals who meet certain criteria to pursue damages on behalf of the government for false claims submitted to the government. 31 U.S.C. § 3730(b).

The Government may elect to intervene or decline to take over the action. § 3730(b)(4). If the Government elects not to proceed, the person who initiated the action may conduct it. § 3730(c)(3). Whether or not the Government elects to proceed with the action, the individual who brought the action may receive a percentage of its proceeds. § 3730(d)(1)-(2).

The public disclosure provision of the FCA prohibits *qui tam* relators from bringing suits based on publicly available information. *United States ex rel. Colquitt v. Abbott Lab'ys*, 858 F.3d 365, 373 (5th Cir. 2017). Its purpose "is both to promote private citizen involvement in fraud exposure while also preventing parasitic suits by opportunistic late-comers who add nothing to the exposure of fraud." *United States ex rel. Solomon v. Lockheed Martin Corp.*, 878 F.3d 139, 143 (5th Cir. 2017) (citation omitted).

Section 3730(e)(4)(A) lays out the public disclosure bar, providing:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—
>
> > (i)  in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
> >
> > (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
> >
> > (iii) from the news media,
>
> unless the action is brought by the Attorney General or the person bringing the action is an original source[2] of the information.

To determine whether a plaintiff's claims are barred under this provision, courts in the Fifth Circuit apply a three-part test, asking (1) whether there has been a "public disclosure" of allegations or transactions, (2) whether the qui tam action is "based upon" such publicly disclosed allegations,

---

[2] "Original source" means "an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B).

and (3) if so, whether the relator is the "original source" of the information. *United States ex rel. Schweizer v. Canon, Inc.*, 9 F.4th 269, 275 (5th Cir. 2021) (citation omitted).

Defendants argue that the Court must dismiss Relator's suit under Rule 12(b)(6) because the public disclosure bar applies. They characterize Relator as "a serial *qui tam* relator having filed dozens of FCA cases across the country." Dkt. 20 at 6. Defendants allege that the details of DNT's PPP loan are available on the website pandemicoversight.gov, and that Relator relied on publicly available information from that and other non-governmental searchable websites to bring this suit. *Id.* ¶ 10. Defendants also argue that Relator is not an original source of the information underlying its claims, so no exception to the public disclosure bar applies. Defendants asks the Court to take judicial notice under Federal Rule of Evidence 201 of 73 pages of exhibits attached to their motion. Dkt. 20-1.

In determining whether a plaintiff's claims survive a motion to dismiss, the factual information to which a court addresses its inquiry is limited to the (1) facts in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). Therefore, Defendants' reliance on 73 pages of exhibits at the Rule 12(b)(6) stage is inappropriate.

This Magistrate Judge also finds that determining whether the public disclosure bar applies is more appropriate at summary judgment, not the motion to dismiss stage. "A challenge under the FCA's public disclosure bar 'is necessarily intertwined with the merits and is, therefore, properly treated as a motion for summary judgment.'" *Schweizer*, 9 F.4th at 274 (quoting *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011)); *see also Colquitt*, 858 F.3d at 373 ("Although Abbott invoked the public disclosure bar through a motion to dismiss, the district court correctly decided it as a motion for summary judgment and considered evidence

outside of the pleadings."). The Court could convert the motion to dismiss to a motion for summary judgment under Rule 12(d),[3] but this Magistrate Judge does not recommend doing so because discovery remains open until January 25, 2027. Dkt. 30 at 2. *United States ex rel. Beck v. St. Joseph Health Sys.*, No. 5:17-CV-052-C, 2020 WL 10786538, at *1 (N.D. Tex. June 8, 2020). The Court recommends that the District Court deny Defendants' motion to dismiss based on the public disclosure provision.

### IV.    Pleading Requirements

Defendants contend that "Relator's Complaint must also be dismissed because its allegations are conclusory and not plausible on their face, thus falling short of Rule 8(a)'s plausibility standard and Rule 9(b)'s heightened pleading standard." Dkt. 20 at 13.

Rule 8(a) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a) "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citation omitted). To satisfy Rule 8(a), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A pleaded claim is plausible if the allegations in the complaint 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 116 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

---

[3] Rule 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

A complaint alleging fraud also must satisfy the heightened pleading standard of Rule 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

> When the Rule 9(b) pleading standard applies, the complaint must contain factual allegations stating the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby. In other words, to properly allege fraud under Rule 9(b), the plaintiff must plead the who, what, when, where, and why as to the fraudulent conduct.

*In re Life Partners*, 926 F.3d at 117 (cleaned up).

A complaint under the FCA must meet the heightened pleading standard of Rule 9(b), requiring a relator to "state with particularity the circumstances constituting fraud or mistake." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). In this context:

> Although the particularity required to meet this standard varies, at a minimum, Rule 9(b) requires the "who, what, when, where, and how" to be laid out—i.e., the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.

*United States ex rel. Traver v. Gonzaba Health Sys. Assocs. PA*, No. 5:18-CV-00653-JKP, 2026 WL 948780, at *3 (W.D. Tex. Apr. 6, 2026) (cleaned up). Even under the heightened pleading requirements of Rule 9(b), detailed factual recitations are not required at the pleading stage of an FCA case. *Swadley v. Scott & White Mem'l Hosp.*, No. A-09-CA-549-SS, 2012 WL 13148799, at *2 (W.D. Tex. July 10, 2012).

Relator alleges that Defendants violated both §§ 3729(a)(1)(A) and (B) of the FCA, but Defendants ask the Court to dismiss only the § 3729(a)(1)(A) claim. Relator alleges that Defendants violated § 3729(a)(1)(A) by submitting false claims in their PPA loan application. That provision makes liable any person who "knowingly presents, or causes to be presented, a false or

7

fraudulent claim for payment or approval" to the United States Government. To state a plausible claim under this provision, a plaintiff must allege: (1) a false statement or fraudulent course of conduct that (2) was made or carried out with the requisite scienter, (3) was material to the government's decision to pay a claim, and (4) caused the government to pay out money. *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009).

Relator alleges that McGlauflin and Tomme "used their construction company to misappropriate $8,421,129 from the US government by making false claims" on their PPA loan application in April 2020. Dkt. 1 ¶ 5. Relator alleges that Defendants knowingly "falsified the number of employees, economic uncertainty so grave it threatened their ability to pay their employees; falsified the loan amount needed for that falsified threat, and falsified needing money from the US government as opposed to their own business partners of coffers." *Id.* Relator also alleges that Defendants knowingly made these false representations to receive the PPP loan from the U.S. Government. *Id.* ¶ 6. And Relator alleges that the U.S. Government relied on those false statements in approving the loan and sustained damages. *Id.* ¶¶ 70-71. The Court finds that Relator satisfies the pleading requirements of Rules 8 and 9 by alleging the "who, what, when, where, and how" of the alleged fraud.

## V.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss Plaintiff's Complaint and Request for Judicial Notice (Dkt. 20).

**IT IS ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable Robert Pitman.

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 29, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE