UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* RELATOR, LLC, *a California limited liability company,*<br><br>Plaintiffs,<br><br>v.<br><br>DUANE McGLAUFLIN, *an individual;* DEAN TOMME, *an individual; and* DNT CONSTRUCTION, LLC, *a Texas Limited Liability Company, and DOES 1-10,*<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:24-cv-00155-RP |

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

TO THE HONORABLE JUDGE ROBERT PITMAN:

COMES NOW, Defendants Duane McGlauflin, Dean Tomme and DNT Construction, LLC, (collectively referred to as "Defendants") and file their Original Answer and Affirmative and Other Defenses. Defendants respectfully show the Court as follows:

## I.    GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of Relator's Original Complaint (the "Complaint"). Those titles and headings are reproduced in this Answer for

1

organizational purposes only, and Defendants do not admit any matters contained therein.

Defendants are not required to admit or deny the statements in the introductory paragraph of the Complaint; however, to the extent Relator asserts allegations against Defendants in the introductory paragraph, Defendants deny each and every allegation contained therein.

## JURISDICTION & VENUE

1. Paragraph 1 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the Court has subject matter jurisdiction over Relator's claims.

2. Paragraph 2 contains legal conclusions for which no response is required. To the extent a response is required, Defendants admit that DNT is located and has transacted business in the Western District of Texas.

3. Paragraph 3 contains legal conclusions for which no response is required.

4. Paragraph 4 contains a summary of Relator's claims and defenses for which no response is required. However, to the extent a response is required, Defendants deny that Relator's Complaint is not based on prior public disclosures and also deny that Relator is an original source within the meaning of 31 U.S.C. § 3730(e)(4)(B)

## INTRODUCTION AND SUMMARY

5. Deny.

6.      Defendants admit that DNT specializes in residential and commercial real estate and admit that DNT applied for and received a loan from the SBA but deny the remaining allegation in this paragraph.

7.      Defendants admit that DNT applied for and received a PPP loan to cover their payroll costs but deny the remaining allegations in this paragraph.

8.      Defendants admit that DNT certified that it employed no more than the greater of 500 employees…" but deny the remaining allegations in this paragraph.

9.      Because paragraph 9 contains nothing but legal conclusions or opinion, no response is required from Defendants.

10.     Deny.

11.     Defendants admit that it certified that the PPP loan would be used for payroll. The remaining allegations contain legal conclusions and/or speculation for which no response is required.

12.     Defendants deny that DNT had no economic necessity for the PPP loan and deny that Defendants falsely certified that DNT had economic uncertainty. The remaining allegations in this paragraph contain legal conclusions and/or speculation for which no response is required.

13.     Defendants deny that DNT is controlled by Alaris and deny that Alaris is its parent company. Defendants deny that DNT had access to Alaris' capital and deny that it did not have the requisite economic necessity for the PPP loan. The remaining allegations are legal conclusions and/or speculation for which no response is required.

14.     No response is required because the statements in this paragraph contain nothing but speculation, for which no response is required.

15.     Defendants deny that DNT did not have the economic necessity for the PPP loan. Defendants can neither admit nor deny the remaining statements in this paragraph because they are either speculation or Defendants lack sufficient knowledge to do so.

16.     Defendants admit the first sentence of this paragraph. Defendants deny DNT lied when it certified its application for the PPP loan. The remaining statements are either speculation, opinions or legal conclusions for which no response is required.

17.     Defendants deny sentences 1, 5, and 6 of paragraph 17. Defendants admit sentences 4, 8, and 9. The remaining statements are speculation or opinion for which no response is required.

18.     Defendants admit that DNT had to attest that the use of the PPP loan funds were used on authorized purposes. Defendants deny the remaining statements in this paragraph.

19.     Deny.

20.     Paragraph 20 recites Relator's claims and therefore does not require a response.

## THE PARTIES

21.     Defendants have no knowledge of the statement in this paragraph.

22.     Deny.

23.     Admit.

4

24.     Defendants have no knowledge of DNT, Ltd.

25.     Defendants have no knowledge of DNT, Ltd.

26.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 26.

27.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 27.

28.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 28.

29.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 29.

## THE CARES ACT AND PAYCHECK PROTECTION PROGRAM

30.     Paragraph 30 is a legal conclusion for which no response is required.

31.     Paragraph 31 is a legal conclusion for which no response is required.

32.     Paragraph 32 is a legal conclusion for which no response is required.

33.     Paragraph 33 is a legal conclusion for which no response is required.

34.     Paragraph 34 is a legal conclusion for which no response is required.

35.     Paragraph 35 is a legal conclusion for which no response is required.

36.     Paragraph 36 is a legal conclusion for which no response is required.

37.     Paragraph 37 is a legal conclusion for which no response is required.

38.     Paragraph 38 is a legal conclusion for which no response is required.

39.     Paragraph 39 is a legal conclusion for which no response is required.

40.     Paragraph 40 is a legal conclusion for which no response is required.

41.     Paragraph 41 is a legal conclusion for which no response is required.

42.     Paragraph 42 is a legal conclusion for which no response is required.

43.     Paragraph 43 is a legal conclusion for which no response is required.

44.     Paragraph 44 is a legal conclusion for which no response is required.

45.     Paragraph 45 is a legal conclusion for which no response is required.

46.     Paragraph 46 is a legal conclusion for which no response is required.

47.     Paragraph 47 is a legal conclusion for which no response is required.

48.     Paragraph 48 is a legal conclusion for which no response is required.

49.     Paragraph 49 is a legal conclusion for which no response is required.

## DEFENDANTS' FRAUD

50.     Admit.

51.     Defendants deny that the Defendants intentionally broke "these clear rules knowing what they were doing." The remaining allegations are legal conclusions, speculation, or opinion for which no response is required. To the extent a response is required, Defendants deny the remaining allegations.

52.     The entirety of paragraph 52 is speculation for which no response is required.

53.     Defendants deny that they "knew when they claimed that DNT had 498 employees that such a statement was false," and deny that they had more than 498 employees. All remaining statements are speculation for which no response is required.

54.     Paragraph 54 is a legal conclusion for which no response is required.

55.     Deny.

56.     Defendants deny that DNT did not suffer any business loss during the pandemic. Defendants cannot respond to the statement "DNT is and was highly profitable during the pandemic" because the statement is vague. To the extent a response is required, Defendants deny this allegation. All other allegations are speculation for which no response is required.

57.     Defendants deny that all Defendants signed the loan applications. The remaining allegations are legal conclusions for which no response is required.

58.     Defendants deny that Use of Proceeds Certification submitted by DNT was false. All other allegations are speculation for which no response is required.

59.     Defendants deny the first sentence of this paragraph. Sentences 2-4 are vague and as such, Defendants cannot provide a response. All other statements are speculation for which no response is required.

60.     Defendants deny that DNT submitted a false Worker Retention and Payroll Certification. All other statements are legal conclusions for which no response is required.

61.     Deny.

62.     Defendants admit DNT pursued and obtained loan forgiveness. Defendants deny sentence 2. The remaining statements are speculation for which no response is required.

63.     Defendants admit that the PPP loan was forgiven. All other statements are speculation, opinions, and conclusions for which no response is required.

## THE FALSE CLAIMS ACT

64.    Paragraph 64 is a legal conclusion for which no response is required.

65.    Paragraph 65 is a legal conclusion for which no response is required.

## FIRST CAUSE OF ACTION

66.    Paragraph 66 is realleging all prior allegations, as such, Defendants realleges its response to all prior allegations herein.

67.    This paragraph is a statement of Relator's claim for which no response is required.

68.    Deny.

69.    Deny.

70.    Defendants deny DNT submitted false statements to the Government. Defendants lack sufficient knowledge to admit or deny the remaining allegations.

71.    Paragraph 71 is a legal conclusion for which no response is required.

## CONCLUSION

72.    Deny.

73.    Paragraph 73 contains conclusory and speculative statements and opinions for which no response is required.

## II.    DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

74.    Relator's claims are barred by the public disclosure bar.

75.    Relator's Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants' Original Answer and Affirmative and Other Defenses
4938-2170-5654, v. 1

76.     Relator's Complaint fails to meet the plausibility pleading standard of Fed. R. Civ. P. 8(a) and the pleading standards of Fed. R. Civ. P. 9(b).

77.     Defendants did not act with the requisite knowledge or intent to violate the FCA.

78.     Because Relator is not an appointed officer of the United States, the FCA violates the U.S. Constitution's Appointments Clause (Article II, Section 2, Clause 2).

Respectfully submitted,

_____
WILLIAM H. FORD
State Bar No. 07246700
Direct Line: (210) 731-6306
bill.ford@fordmurray.com
GREGORY A. SCRIVENER
State Bar No. 24013480
Direct Line: (210) 731-6342
greg.scrivener@fordmurray.com
KENNEDY HATFIELD ASEL
State Bar No. 24121663
Direct Line: (210) 731-6486
hatfieldasel@fordmurray.com
FORD MURRAY, PLLC
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
(210) 731-6400 Main
(210) 731-6401 Facsimile
ATTORNEYS FOR DEFENDANTS,
DUANE McGLAUFLIN, DEAN
TOMME, AND DNT
CONSTRUCTION, LLC

9

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in this matter as required by the Federal Rules of Civil Procedure on this 23rd day of June, 2026.

_____
KENNEDY HATFIELD ASEL